L. .L. Uhls v. J. W. Allard, as *City Clerk, etc.*
No. 14,043.   (77 Pac. 572.)

SYLLABUS BY THE COURT.

1. Elections—*Residence of State Officers and Employees.*  A
state officer or employee retains his residence, and has the right
to vote, at the place where he lived when elected or appointed, if
that be his intention, although, for the better discharge of his
official duties, he may have removed therefrom with the intention
of remaining away during his term of office or period of employ-
ment.

2. ———— *Right of State Officer or Employee to Change His
Residence.*  The mere fact that a person is an officer or employee
of the state or any municipal subdivision thereof does not affect
his right to become a qualified elector at a place other than that
where he resided when elected or appointed, if it be his intention
to abandon his former place of residence.

Original proceeding in mandamus.  Opinion filed
July 7, 1904.  Writ awarded.

STATEMENT.

This is an original proceeding in mandamus to com-
pel the city clerk of Osawatomie, a city of the second
class, to register the name of plaintiff on the poll-
books as a voter in said city.  The agreed facts are
the following:

"1.  That the plaintiff, L. L. Uhls, is a natural-
born citizen of the United States, of the age of forty-
seven years.

"2.  That in the year 1899, and prior to that time,
he was an actual resident and citizen of the city of
Paola, Kan., and that in July of that year, while so
residing in said city of Paola, he was appointed super-
intendent of the state hospital at Osawatomie,

"3.  That subsequent to such appointment, and in
July, 1899, the plaintiff moved himself, his family
and his household goods from Paola, Kan., to the state
hospital which is situated in the first ward of said city

of Osawatomie, and changed his church and lodge membership from Paola to Osawatomie, and has annually been assessed for personal-property taxes since that time in said city of Osawatomie, and has paid his poll-tax in said city, and has registered and voted in the first ward of said city in the years 1899, 1900, 1901, and 1902, and registered as a voter and offered to vote in the first ward of said city in 1903, but was denied that privilege by the judges of election; and at all times mentioned in this paragraph plaintiff has claimed, and still claims, to be a resident of the first ward of the city of Osawatomie, Kan.

"4. That to fulfil the duties of his employment and official position, it was necessary that plaintiff be continually present at and in said Osawatomie state hospital, and in order that he might so fulfil such employment and official position he moved from Paola to Osawatomie, and took up his abode in said state hospital, as has been hereinbefore stated.

"5. That at all times since said date the plaintiff with his family has dwelt in said state hospital as superintendent thereof, and has at all times occupied said official position of superintendent, and still dwells there and occupies such position.

"6. That the plaintiff retained no home at Paola, and has had no intention of returning to Paola, and has not had and has not now any present intention of removing from his place of abode, at the state hospital, in the first ward of the city of Osawatomie, Kan.

"7. That the said city of Osawatomie is and was at all times herein mentioned a city of the second class, duly organized as such under the laws of the state of Kansas, and that the defendant, J. W. Allard, is the duly appointed, qualified and acting city clerk of said city of Osawatomie, and has been such at all times during this year 1904.

"8. That in the month of May, 1904, the plaintiff appeared in person before the defendant, at the city clerk's office in the said city of Osawatomie, during the usual office hours, and applied to the defendant to be registered as a voter in said city, and that the plaintiff offered to give to the defendant his name, age

and occupation and particular place of residence, and to furnish all necessary proofs of the facts affecting his qulifications as a voter.

"9. That the defendant, notwithstanding, refused and refuses to register the plaintiff's name as a voter in said first ward of said city of Osawatomie, upon the ground that, having moved to said state hospital at Osawatomie upon his appointment as superintendent of the state hospital, and residing there and in the hospital as such superintendent, in the employment of the state, he was not entitled to be regarded as a resident of said first ward of the city of Osawatomie for the purpose of voting."

*W. S. Jenks*, for plaintiff.

*Harvey & Osborn*, for defendant.

The opinion of the court was delivered by

SMITH, J.:   Section 1 of article 5 of the constitution reads:

"Every male person of twenty-one years and upwards belonging to either of the following classes—who shall have resided in Kansas six months next preceding any election, and in the township or ward in which he offers to vote at least thirty days next preceding such election—shall be deemed a qualified elector:

"1st.  Citizens of the United States.

"2d.  Persons of foreign birth who shall have declared their intention to become citizens conformably to the laws of the United States on the subject of naturalization."

It is plain from the facts that plaintiff was an elector of the city of Osawatomie after residing there thirty days.  He left Paola in July, 1899, and has claimed a residence in Osawatomie ever since.  The controversy turns on the application of chapter 232 of the Laws of 1903, entitled:

"An act prescribing a rule for the determination of

the residence of voters who are officers or employees of this state or any municipal subdivision thereof.''

Section 1 reads:

''That for the purpose of voting, no person who is in the employment of this state or any municipal subdivision thereof in any civil capacity shall be deemed to have gained or lost a residence by reason of such employment, but all such officers or employees shall be considered as residents of the place from whence they were elected or appointed.''

The right of plaintiff to registration as a voter in Osawatomie would be certain but for the last clause of said section, ''but all such officers or employees shall be considered as residents of the place from whence they were elected or appointed.'' (*Cory v. Spencer*, 67 Kan. 648, 73 Pac. 920.) It is clear that after plaintiff had established a legal residence in Osawatomie in 1899, and voted there in that year and in 1900, 1901, and 1902, he cannot, by legislative fiat, be constructively deported to Paola and made an elector of the latter city against his will. (Wade, Retro. Laws, § 175.)

Section 2572 of the General Statutes of 1901 provides:

''First. That place shall be considered and held to be the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning.''

The law of 1903 can mean nothing more than that the state officers or employees in the service of the state, when they move to the capital or place where their official duties are performed, become residents and electors of the latter places if they so intend. Mere employment by the state does not affect the question of residence one way or the other. Taken

Uhls v. Allard.

literally, the words "all such officers or employees shall be considered as residents of the place from whence they were elected or apppointed" are inconsistent with what precedes them. In one clause of the section, a person holding an office or employment under state authority is not to be considered as having either lost or gained a residence by that fact, and in the succeeding clause the residence of such officer or employee is fixed at the place whence he was elected or appointed. In view of the foregoing constitutional provision respecting the qualifications of voters, we must hold that the state officers and employees retain their residences at the places where they lived when elected or appointed, if that is their intention.

We have no doubt that the governor and the several justices of this court could establish a residence at Topeka, in Shawnee county, by moving here during their terms of office with the intention of making this city their place of permanent abode. A removal here, however, without such intention, with a purpose to remain during a term of office only, does not deprive a state officer of his right to vote in the city or county where he lived when elected or appointed, if he did not intend to abandon the latter as a place of residence.

The construction of the law contended for by counsel for respondent would prevent an officer or employee of the state, city, county or school district from changing his residence during his official term, from the fact alone that he was such officer or employee. We cannot give to the statute such an absurd interpretation. The clause under consideration, if standing alone and disconnected from the language preceding it, would be manifestly unconstitutional.

Under the facts, the city clerk had no discretion to refuse to enter plaintiff's name on the poll-books as a qualified voter. A peremptory writ of mandamus will be awarded.

All the Justices concurring.